IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
LeRoy JONES, Attorney at Law.

Supreme Court

*No. 92-0224-D. Filed November 24, 1992.*

(Also reported in 491 N.W.2d 763.)

PER CURIAM. *Attorney disciplinary proceeding; retroactive license suspension imposed.*

We review the report and recommendation of the referee that the license of LeRoy Jones to practice law in Wisconsin be suspended for 60 days but that the suspension be stayed for a period of three years provided Attorney·Jones completes specified continuing legal education and refrains from engaging in other professional misconduct. That disciplinary recommendation was made as a sanction for Attorney Jones' neglect of two client legal matters, his failure to act competently in one of them and his failure to keep a client informed of the status of her legal matter. In making that recommendation, the

465

referee rejected the suggestion of the Board of Attorneys Professional Responsibility (Board), in which Attorney Jones concurred, that a 60-day license suspension retroactive to the commencement of a prior disciplinary license suspension would be appropriate discipline for this professional misconduct.

We agree with the Board that a retroactive 60-day license suspension is appropriate discipline to be imposed under the circumstances here presented. The professional misconduct occurred prior to the issuance of our order in March, 1991 suspending Attorney Jones' license to practice law as discipline for professional conduct, in part, of the same nature as that considered in this proceeding.

Attorney Jones was licensed to practice law in Wisconsin in 1972 and practices in Milwaukee. He has been disciplined for unprofessional conduct on four occasions: in 1984 the court publicly reprimanded him for failing to respond to Board requests for information and failing to appear before the Board and produce requested documents; in 1990 the Board publicly reprimanded him for neglect of a 1987 probate matter; in March, 1991 the court suspended his license for 60 days as discipline for improper handling of client funds and trust accounts, neglect of a legal matter and failure to respond to the Board during its investigation, *Disciplinary Proceedings Against Jones,* 160 Wis. 2d 564, 466 N.W.2d 890 (1991). Shortly after that license suspension commenced, the Board publicly reprimanded Attorney Jones for neglect of a client's legal matter.

Upon Attorney Jones' pleading no contest to the allegations of misconduct set forth in the Board's complaint, the referee, Attorney Stanley F. Hack, made the following findings of fact. The first matter concerned Attorney Jones' conduct in representing a woman who

retained him in March, 1985 to represent her in an intestate administration and in a dispute over the decedent's city of Milwaukee pension. Attorney Jones dealt with the pension board between March and May of 1985 and a settlement was reached and the court approved it in October, 1985. Thereafter, Attorney Jones did nothing to collect payment from the pension board until receiving an inquiry from the city attorney in April, 1986 concerning the status of the stipulation in order that payment could be made. The referee concluded that Attorney Jones failed to act diligently in this matter and neglected it, in violation of former SCR 20.32(3).[1]

In the probate matter, although the client had lived with the decedent, she was not related to him and, as the man died intestate, was not an heir at law. Nevertheless, Attorney Jones filed a petition on her behalf in June, 1988, seeking the intestate administration of the decedent's estate. He then filed a notice of hearing but took no other action in the matter: he filed no inventory and did not prepare or file tax returns, even though the petition asserted that the estate contained $50,000 in assets. On August 22, 1989 the probate court issued an order to show cause why the final judgment had not been entered. Two months later, upon the petition of the decedent's sister, the court determined that Attorney Jones' client was not a proper heir and dismissed the proceeding. The referee concluded that Attorney Jones failed to act com-

[1]SCR 20.32 provides:

**Failing to act competently.** A lawyer may not:

. . .

(3) Neglect a legal matter entrusted to the lawyer.

The corresponding current rule, SCR 20:1.3, provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

petently and handled this legal matter without adequate preparation, in violation of former SCR 20.32(2),[2] and neglected the legal matter, in violation of former SCR 20.32(3).

The client in these matters visited with Attorney Jones on three occasions in 1985 but did not see him again until 1990. During that time, she made numerous telephone calls to him attempting to determine the status of the estate but Attorney Jones did not return her calls. At some point during that time, Attorney Jones relocated his office but did not inform his client of that fact. The referee concluded that Attorney Jones' failure to return his clients telephone calls and to keep her reasonably informed of the status of her legal matter violated former SCR 20.32(3) and current SCR 20:1.4(a).[3]

In a subsequent and unrelated matter, a woman retained Attorney Jones in June, 1990 to represent her in a divorce. When his client failed to comply with an order to vacate her former spouse's home, the court set a hearing on a motion to hold her in contempt. Attorney Jones was notified of the hearing set for November 15, 1990 at 10:45 a.m. He had a trial scheduled for 9:00 a.m. on that date but stated that he believed he could act in

---

[2]SCR 20.32 provides:

**Failing to act competently.** A lawyer may not:

. . .

(2) Handle a legal matter without preparation adequate in the circumstances.

The corresponding current rule is SCR 20:1.3.

[3]SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

both matters and informed his client and opposing counsel in the divorce action that he might be late for the contempt hearing. Neither his client nor opposing counsel recalled receiving such information from Attorney Jones.

Between 9:00 and 10:00 a.m. on the date of the hearing, Attorney Jones learned that the conflicting trial had been adjourned. Nevertheless, he failed to appear in court on the contempt matter until after the hearing had been completed and he offered no explanation for his failure to attend that hearing on behalf of his client. The referee concluded that Attorney Jones failed to act with reasonable diligence and promptness in representing that client, in violation of former SCR 20:1.3.

As discipline for that professional misconduct, the referee recommended a 60-day license suspension stayed for three years with the condition that in each of those years Attorney Jones complete six continuing legal education credits in professional responsibility and six credits in probate law and procedure, in addition to the continuing education credits all attorneys are required to complete under the court's rules. The referee further recommended that, in the event Attorney Jones fails to complete or report completion of those education requirements or if he is disciplined for any other professional misconduct occurring during that three-year period, the stay of the license suspension be vacated and his license to practice law suspended for 60 days.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Jones' professional misconduct but we do not accept his recommendation for discipline to be imposed as a sanction for it. We determine that a license suspension of the same length we previously imposed and made retroactive to the commencement of that prior suspension is appropriate disci-

469

plinary sanction for Attorney Jones' misconduct considered in this proceeding. We note that the license suspension we imposed in 1991 has been completed and Attorney Jones' license was reinstated thereafter.

IT IS ORDERED that the license of Attorney LeRoy Jones to practice law in Wisconsin is suspended for a period of 60 days, retroactive to May 6, 1991.

IT IS FURTHER ORDERED that within 60 days of the date of this order LeRoy Jones pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of LeRoy Jones to practice law in Wisconsin shall be suspended until further order of the court.

SHIRLEY S. ABRAHAMSON, J. *(dissenting)*. I would adopt the referee's recommendation.