IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Leroy JONES, Attorney at Law.

Supreme Court

*No. 92–2260–D. Filed May 20, 1993.*

(Also reported in 499 N.W.2d 674.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the report of the referee recommending that the license of Attorney Leroy Jones to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his having failed to timely pursue a client's personal injury claim and properly advise the client that the time for filing an action on the claim against one party had expired and that her claim against another party arising out of the same incident had been denied.

The referee's findings of fact and conclusions of law in respect to Attorney Jones' professional misconduct

in the matter are not disputed and we adopt those findings and conclusions. We determine that the recommended 60–day license suspension is appropriate discipline to impose for that misconduct, particularly in light of the fact that Attorney Jones has been disciplined for professional misconduct on five prior occasions. The suspension we impose for his misconduct considered in this proceeding is intended to impress upon Attorney Jones the need to promptly and carefully attend to matters entrusted to him by clients and keep his clients informed of important developments in the matters he has been retained to pursue on their behalf.

Attorney Jones was admitted to practice law in Wisconsin in 1972 and practices in Milwaukee. In the last 10 years he has been disciplined for professional misconduct five times. In 1984 the court publicly reprimanded him for failing to respond to the Board of Attorneys Professional Responsibility's (Board) requests for information and failing to appear before the Board and produce requested documents; in 1990 the Board publicly reprimanded him for neglect of a probate matter; in March, 1991 the court suspended his license for 60 days as discipline for improper handling of client funds and trust accounts, neglect of a legal matter and failure to respond to the Board during its investigation, *Disciplinary Proceedings Against Jones,* 160 Wis. 2d 564, 466 N.W.2d 890 (1991); in May, 1991, the Board publicly reprimanded him for neglect of a client's legal matter; in November, 1992 the court suspended his license for 60 days as discipline for his neglect of two legal matters, his failure to act competently in one of them and his failure to keep a client informed of the status of her legal matter. *Disciplinary Proceedings Against Jones,* 171 Wis. 2d 465, 491

N.W.2d 763. The suspension imposed in 1992 was made retroactive to the time of the 1991 suspension for the reason that the professional misconduct occurred prior to the issuance of the court's order in 1991 suspending Attorney Jones' license to practice law as discipline for misconduct that was, in part, of the same nature as that considered in the 1992 proceeding.

In the instant proceeding, Attorney Jones entered a no contest plea to the allegations of misconduct set forth in the Board's complaint. The referee, the Honorable Robert T. McGraw, reserve judge, made findings of fact accordingly.

In May, 1990, a woman retained Attorney Jones to pursue a personal injury claim against the city of Milwaukee for an injury she received from a machine repairing a city street. The city issued a notice of disallowance of the claim on March 26, 1991, on the ground that the site where the client was injured was maintained by the state of Wisconsin, not the city. When it issued that notice, the city also informed the client and Attorney Jones that no action against the city could be brought after six months from the date of service of the disallowance of claim. The client discussed the six-month limitation for filing the action against the city and Attorney Jones agreed to pursue the client's claim.

On July 17, 1991, following the expiration of his 60–day license suspension, Attorney Jones filed a claim with the state of Wisconsin on behalf of his client for damages incurred as a result of the same injury. The state denied the claim on July 29, 1991 on the grounds that notice of the claim had not been served timely and that the state was not responsible for the area where the injury occurred.

After receiving the denial of claim from the state, Attorney Jones did nothing further in the matter until

December 19, 1991, when he forwarded to his client a letter from the Milwaukee city attorney dated February 8, 1991 in which the city attorney took the position that the city was not responsible for the area where the client's injury occurred. At the same time, Attorney Jones sent the client a copy of the state's July 29, 1991 letter disallowing her claim. On January 6, 1992 the client discharged Attorney Jones and obtained her file from him. The client subsequently took her claim directly to the city, without Attorney Jones' knowledge, and received $350 in settlement after the city reinvestigated the accident and found it had occurred within the city's jurisdiction.

The referee concluded that by permitting his client's claim against the city and the state to expire without pursuing the matter on her behalf, Attorney Jones violated SCR 20:1.3.[1] The referee further concluded that Attorney Jones' failure to promptly notify his client of the disallowance of her claim by the city, the expiration of the time to file an action on that claim and the denial of the claim he filed against the state constituted a failure to keep his client advised in the matter, in violation of SCR 20:1.4(a).[2]

As discipline for that misconduct, the referee recommended that the court suspend Attorney Jones' license to practice law for 60 days. In making that

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

recommendation, the referee cited "the unfortunate recurring pattern of conduct" demonstrated by Attorney Jones. At the same time, the referee recognized Attorney Jones' "generally good representation of his large urban practice" as well as his full cooperation with the Board in this proceeding.

We agree that a license suspension for the minimum period is called for here. Attorney Jones must be made to recognize his professional responsibility to competently and diligently pursue the interests of those persons who rely on him to protect and further their interests in the legal system.

IT IS ORDERED that the license of Leroy Jones to practice law in Wisconsin is suspended for a period of 60 days, commencing June 21, 1993.

IT IS FURTHER ORDERED that within 60 days of the date of this order Leroy Jones pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Leroy Jones to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Leroy Jones comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.