In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Arik J. GUENTHER, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Arik J. GUENTHER, Respondent-Appellant.

In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Arik J. GUENTHER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Arik J. GUENTHER, Respondent.

Supreme Court

*No. 2003AP1244–D & 2004AP1240–D. Submitted on briefs
March 10, 2005.—Decided July 19, 2005.*

2005 WI 133

(Also reported in 700 N.W.2d 260.)

589

For the respondent-appellant there was a brief by *Arik J. Guenther* and *Guenther & Haza, Ltd.,* Campbellsport.

For the complainant-respondent there was a brief by *William J. Weigel* and *Office of Lawyer Regulation,* Madison.

¶ 1. PER CURIAM. We review the findings of fact, conclusions of law, and recommendations of the referees for sanctions in these two related matters. Attorney Arik J. Guenther was found in both cases to have engaged in unprofessional conduct in the course of his practice of law in violation of the Rules of Professional Conduct.

¶ 2. The referee in Case No. 2003AP1244-D, Kim M. Peterson, recommended a six-month suspension of Attorney Guenther's license to practice law and trust account monitoring as a condition of reinstatement. The referee in Case No. 2004AP1240-D, David R. Friedman, recommended a 60-day suspension of Attorney Guenther's license to practice law, concurrent to the six-month suspension in the earlier case, and the payment of the costs of the Office of Lawyer Regulation (OLR).

¶ 3. Attorney Guenther has appealed in Case No. 2003AP1244-D pursuant to SCR 22.17(1) and (3). We review Case No. 2004AP1240-D pursuant to SCR 22.17(2).[1]

---

[1] SCR 22.17 provides: Review; appeal.

(1) Within 20 days after the filing of the referee's report, the director or the respondent may file with the supreme court an appeal from the referee's report.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

(3) An appeal from the report of a referee is conducted under the rules governing civil appeals to the supreme court. The supreme court shall place the appeal on its first assignment of cases after the briefs are filed.

¶ 4. We approve the findings and conclusions of Referee Peterson and determine that the seriousness of Attorney Guenther's misconduct warrants the imposition of the recommended six-month suspension. We also approve the findings and conclusions of Referee Friedman and determine that the seriousness of Attorney Guenther's misconduct in that case warrants the imposition of a two-month suspension. However, we do not follow the referee's recommendation that the suspension be concurrent to the six-month suspension in the earlier case and instead, impose it consecutive, for a total suspension of eight months.

¶ 5. Attorney Guenther was licensed to practice law in Wisconsin in 1981. In 1989, he was privately reprimanded for neglect, failing to communicate with a client, and failing to cooperate with the Board of Attorneys Professional Responsibility. In 2001, he was privately reprimanded for failing to prepare for a final divorce hearing, failing to consult and communicate with his client, failing to file a post-trial brief, and failing to adequately supervise his secretary. Finally, in 2002, he was privately reprimanded for neglect and conflict of interest.

¶ 6. The standard of review before this court is that the referee's findings of fact are affirmed unless clearly erroneous; but conclusions of law are reviewed on a de novo basis. See *In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it deems appropriate regardless of the referee's recommendation. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 7. Counts 1 and 2 arise out of Attorney Guenther's representation of the wife in a divorce and child custody matter and allege violations of SCR 20:1.4(a),[2] failure to keep a client reasonably informed about the status of a matter, and SCR 20:8.4(c),[3] engaging in misconduct involving dishonesty, deceit or misrepresentation.

■

¶ 8. The referee found that Attorney Guenther attended a hearing to amend a temporary custody order without his client being present or even being made aware of the hearing. At the hearing, the temporary order was significantly amended to the client's detriment. When the opposing party arrived at the client's house days later to pick up the parties' child, pursuant to the changes resulting from the amended order, the client was still unaware of the change, a dispute ensued, and the police were called. The client subsequently asked Attorney Guenther to file a motion to change the amended order. Attorney Guenther claimed he did so, but never actually did.

¶ 9. Attorney Guenther claims he should be excused from having appeared alone because he never had notice of the hearing and just happened to be at the courthouse on another matter when he found out about it.

---

[2] SCR 20:1.4(a) provides: Communication. "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 20:8.4(c) provides: Misconduct. "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

¶ 10. Attorney Guenther further claims that his failure to notify his client of what happened was not "so unreasonable" under the circumstances. The hearing was held on a Tuesday afternoon, Thanksgiving intervened, and he eventually did talk to his client the following Monday, but after the incident with the opposing party.

¶ 11. Finally, Attorney Guenther claims that he never intentionally misled his client as to the filing of the motion. Rather, he claims this occurred at a time when the client was in the process of discharging him and no decision had actually ever been made on whether to file the motion.

¶ 12. Attorney Guenther asserts as a mitigating factor that although the events following the amended order were "very traumatic" for the client, in the subsequent two years the parties are still adhering to the amended order. He thereby implied that it could not have been that bad to begin with.

¶ 13. The same arguments that Attorney Guenther raises on appeal were raised to the referee and rejected. The referee commented in part:

> Even if respondent could not reach G. by phone, a simple letter to G., sent on the day of the hearing, could have avoided the entire matter. While a delay of a few days over the holiday may not [be] important in the typical case, in some cases a delay of a couple days is extremely important. This is one of those cases. Respondent's failure to keep his client informed is not a minor violation, but caused his client extreme distress. I found G.'s emotional testimony on this point, more than two years after the event, very telling. . . . [H]e did in fact mislead G. . . . There does not appear to be any other credible explanation of respondent's statement that he filed the motion when in fact, he did not. . . .

¶ 14. We find nothing in Attorney Guenther's arguments on appeal to conclude that the findings of fact of the referee on these two counts are clearly erroneous. We therefore adopt them as well as the conclusions of law that the supreme court rules were violated.

¶ 15. Counts 3 through 5 arise out of Attorney Guenther's representation of the husband in a divorce. They allege violations of SCR 20:1.15(b),[4] failing to render a full accounting and promptly delivering funds to which the client is entitled; SCR 20:1.15(d),[5] failure to treat the client's funds as trust property until there is an accounting and severance of the relationship; and SCR 22.03(6),[6] failing to provide relevant information, to answer questions fully, or to furnish documents, all in the course of an OLR investigation.

---

[4] SCR 20:1.15(b) provides: Safekeeping property.

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[5] SCR 20:1.15(d) provides: Safekeeping property.

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

[6] SCR 22.03(6) provides: Investigation. "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish

¶ 16. After this divorce and distribution of assets, Attorney Guenther was holding funds in trust for his client. At the same time, the client owed attorney's fees, but Attorney Guenther had failed to provide an accounting of the exact amount owed. The referee found that there were numerous trust account discrepancies. These included unidentified funds both in, and paid from, the account; Attorney Guenther paying himself fees out of the account in excess of what he was owed; and checks written out of the wrong account, for example, Attorney Guenther's business account rather than trust account.

¶ 17. The referee noted that Attorney Guenther essentially did not contest these counts. She concluded that the evidence was clear that the allegations were accurate and that Attorney Guenther's trust accounts were "in a shambles."

¶ 18. Attorney Guenther has not challenged the referee's findings and conclusions regarding these three counts on appeal and, accordingly, we adopt them.

¶ 19. Counts 6 through 8 arise out of Attorney Guenther's response to the OLR investigation of Counts 3 through 5. They allege violations of SCR 20:1.15(e),[7] failing to retain complete trust account records for at least six years; SCR 20:1.15(f),[8] failing to submit trust account records for OLR's inspection,

documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[7] SCR 20:1.15(e) provides in relevant part: Safekeeping property. "(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. . . ."

[8] SCR 20:1.15(f) provides: Safekeeping property.

audit, use and evidence; and SCR 20:1.15(g),[9] filing false certifications with the State Bar of Wisconsin that required records were being maintained.

¶ 20. The referee found that Attorney Guenther failed to respond to OLR investigatory requests on several occasions and even when he did respond provided incomplete records, claiming on at least one occasion that he had a "difficult time" locating much of his financial information.

¶ 21. The referee further found that on Attorney Guenther's 1997–2001 State Bar dues statements he falsely signed a certification stating that he had complied with the record-keeping requirements set forth in SCR 20:1.15(e).

---

(f) Upon request of the office of lawyer regulation, or upon direction of the Supreme Court, the records shall be submitted to the office for its inspection, audit, use, and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

[9] SCR 20:1.15(g) provides in relevant part: Safekeeping property.

(g) A member of the State Bar of Wisconsin shall file with the State Bar annually . . . a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. Each member shall explicitly certify therein that he or she has complied with each of the record-keeping requirements . . . . The failure of a member to file the certificate required by this section is grounds for automatic suspension of the member's membership in the State Bar . . . . The filing of a false certificate is unprofessional conduct and is grounds for disciplinary action. . . .

¶ 22. The referee stated with respect to all of the counts in this case that involved Attorney Guenther's failure to fully cooperate with OLR:

> I find that respondent was extraordinarily slow in responding to OLR's demands . . . provid[ing] responses in a "piecemeal" fashion, and . . . the information was in a disarray, unclear and virtually impossible to decipher . . . [with a] lack of any logical explanation for the various inconsistencies. . . .

¶ 23. Attorney Guenther claims there was never any intent on his part to withhold anything from OLR. He points to the sudden departure of his secretary as the cause of his inability to locate many of his financial records.

■

¶ 24. As to the false certification regarding the financial records, Attorney Guenther similarly claims he did not intentionally violate the supreme court rules. He stresses that he has always admitted there were problems with his record-keeping system. He believes it is a mitigating factor that he has tried to correct those problems as soon as possible. He asserts that he is unfairly being sanctioned twice for basically the same thing, apparently referring to the fact that not only is he being punished because his records are in disarray, but he is also being punished for failing to acknowledge those problems via the certification.

■

¶ 25. We find no basis on which to overturn the referee's findings of fact and conclusions of law concerning these counts. An attorney cannot hide behind the loss of support staff to excuse faulty record keeping that obviously was deficient even before. Further, SCR 20:1.15(g) creates a separate offense for false certifica-

tion, even though that may arise out of underlying trust account violations that also constitute misconduct under separate supreme court rules.

¶ 26. Counts 9 through 13 arise out of numerous trust account discrepancies involving a dozen clients. These counts allege violations of SCR 20:1.15(a),[10] failing to hold the client's property in trust, separate from the lawyer's own property; SCR 22:03(6), failing to provide relevant information, to answer questions fully, or to furnish documents to the OLR; SCR 20:8.4(c), conduct involving dishonesty, fraud, deceit or misrepresentation; SCR 20:5.3(a),[11] failing to make reasonable efforts to ensure that the law firm has in effect measures giving reasonable assurance that a nonlawyer's conduct is compatible with the professional obligations of the lawyer; and SCR 20:5.3(b),[12] failing to assure thata nonlawyer's conduct was compatible with his professional obligations.

---

[10] 20:1.15(a) provides in relevant part: Safekeeping property.

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation . . . . All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . . The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm . . . may be deposited in such an account. . . .

[11] SCR 20.5.3(a) provides: Responsibilities regarding non-lawyer assistants. "With respect to a nonlawyer employed or retained by or associated with a lawyer: (a) A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer."

[12] SCR 20.5.3(b) provides: Responsibilities regarding non-lawyer assistants. "With respect to a nonlawyer employed or

■

¶ 27. Attorney Guenther does not contest these counts, except to the extent that, as previously noted, he objects to any violation of SCR 22:03(6) on grounds that he did the best he could to provide OLR with the proper documentation. All of these violations involve discrepancies between amounts that Attorney Guenther was supposed to be holding in trust for his clients and what was or was not properly disbursed to them or third parties. This group of counts also involves Attorney Guenther's failure to adequately train and supervise the bookkeeping and accounting work done by his now missing secretary.

¶ 28. We again find no basis to conclude that the referee's findings of fact with respect to these counts are clearly erroneous and thus we adopt them as well as the accompanying conclusions of law.

¶ 29. Counts 14 and 15 arise out of Attorney Guenther's representation of a client in a civil action against her former employer out of which she received a judgment of approximately $10,600. The counts allege violations of SCR 20:1.15(a), failing to hold the property of clients/third-persons in trust, separate from the attorney's own property, and SCR 20:1.15(f), failing to produce trust account records for inspection, audit, use and evidence, as requested by OLR.

■

¶ 30. The referee found more trust account violations pertaining to this client's judgment. In general, Attorney Guenther failed to properly record the funds

retained by or associated with a lawyer: (b) A lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer."

he received from the former employer, failed to properly document what was being forwarded to the client or credited to himself for outstanding fees and similar discrepancies. In addition, Attorney Guenther was unable to provide OLR with sufficient documentation regarding this entire series of events.

¶ 31. The referee concluded the evidence clearly demonstrated that Attorney Guenther failed to adequately account for the funds he received on behalf of his client.

¶ 32. Once again, Attorney Guenther does not challenge on appeal either of these two counts except to the extent that he has generally denied that he failed to cooperate with OLR.

¶ 33. We find no basis on which to overturn the referee's findings of fact and conclusions of law and therefore, adopt them.

■

¶ 34. With respect to the sanction in this case, the referee states:

> Although I find that most of the conduct engaged in by the respondent was not the result of a malicious intent, but rather the result of extremely poor bookkeeping, the sheer volume of problematic records, along with the failure to fully and promptly respond to the OLR's demands for records, demonstrates a disturbing pattern of indifference, which has resulted in distress for several clients, and presents the likely possibility of future harm to clients as well.
>
> . . . .
>
> [A 6–month] period of suspension is warranted, due to the severe nature of the misconduct. Moreover, respondent has not been particularly remorseful, and in fact, has argued that his conduct is really not

> particularly severe. . . . Clearly, these [prior] repri-
> mands have not resulted in an alteration of the
> respondent's behavior and therefore, a more severe
> sanction is warranted.

The referee submits that this case is comparable, if not more egregious, than *In re Disciplinary Proceedings Against Zablocki,* 219 Wis. 2d 313, 579 N.W.2d 233 (1998), where a six-month suspension was given for somewhat similar trust account violations even though the attorney had only been previously reprimanded once and had been practicing for only nine years.

¶ 35. The referee also recommends that as a condition of reinstatement, Attorney Guenther file two years of quarterly reports concerning his trust account record keeping. The referee has made no specific recommendation with respect to costs.

¶ 36. Attorney Guenther opposes a six-month suspension. He submits that he has "only" had private reprimands in the past. He also points to the referee's assessment that none of this conduct was malicious. He assures the court that he has put into place a "complete bookkeeping system" since these difficulties. Without expressly so stating, he apparently believes another reprimand is appropriate.

¶ 37. Attorney Guenther also objects to the OLR's requested costs of $12,713.60, although he does not take issue with any particular portion of the amount. He claims it is unfair to require that he pay all of it. He believes he has partially prevailed because the OLR originally sought a nine-month suspension. He also notes that he stipulated to portions of the case and that to which he did not stipulate was "rather simplistic in nature." He submits this case could have been prosecuted for much less than the submitted amount.

¶ 38. In response, the OLR does not appear to oppose the six-month suspension. It agrees that reinstatement should be conditioned on trust account monitoring. Finally, the OLR submits this was not a simple case to prosecute, noting the 39-page complaint and over 1300 pages of exhibits.

¶ 39. We conclude that the recommended suspension should be imposed. This is Attorney Guenther's fourth round of disciplinary problems. Although it is difficult to compare disciplinary cases because of the unique facts of each, this is similar to *Zablocki* in the sense that if a six-month suspension was warranted there, it certainly is warranted here as well.

¶ 40. It is also appropriate to assess the entire costs of $12,713.60 against Attorney Guenther. Whether he stipulated to some matters or not, he lost on all counts. Although the referee may have recommended a suspension shorter than that sought by the OLR, a six-month suspension is still a severe sanction and certainly does not constitute a victory for Attorney Guenther.

¶ 41. Finally, we agree that trust account monitoring should be a condition of reinstatement.

CASE NO. 2004AP1240-D

¶ 42. This case was submitted to the referee on stipulation of the parties. The matters alleged in Counts 1–2 and 4–5 of this case (Count 3 was withdrawn by the OLR) involve new information regarding the matters surrounding Counts 14 and 15 of the previous case that the OLR uncovered in the course of prosecuting that matter.

¶ 43. Counts 1 and 2 allege more violations of SCR 20:1.15(a) and (b). These again generally involve Attorney Guenther's failure to adequately account for

funds received on behalf of his client, the disbursements ultimately made to her, and all trust account matters concerning the entire transaction.

¶ 44. The referee recommended that Count 1 be dismissed on grounds that it is generally based on the same facts as Count 14 in the earlier case. The referee further expresses "trouble" with Count 2, which he similarly believes is basically the same as the two counts (14 and 15) in the earlier case. As a result, he has not factored either of these two counts into his sanction recommendation.

¶ 45. Counts 4 and 5 allege additional violations of SCR 20:8.4(c) and SCR 22.03(6). They pertain to Attorney Guenther's misrepresentation to his client that he had completely paid her everything she was owed and his failure to fully cooperate with the OLR investigation surrounding the matter. These counts do not overlap those in the earlier case and based on the stipulation of the parties, the referee found against Attorney Guenther on both counts. However, the referee expressed uncertainty whether Attorney Guenther's failure to cooperate with the OLR was willful as opposed to merely reckless in nature.

¶ 46. The parties stipulated to a 60–day suspension in this case. However, they did not agree whether this additional time should be consecutive to, or merely concurrent with, the suspension imposed in the previous case.

¶ 47. The referee expressed concern with the extent to which the counts in this case overlap those in the previous case. He nonetheless was still "very concerned" with Attorney Guenther's inability to keep his

financial house in order. The referee submitted that Counts 4 and 5 alone, notwithstanding the possible lack of willfulness, justified the 60–day suspension.

¶ 48. However, the referee has recommended that the suspension be concurrent to the one in the earlier case stating: "I believe he has gotten the message regarding trust accounts. If not, I doubt another 60 days at the end of 6 months will make a difference."

¶ 49. The referee also agrees that Attorney Guenther should be subject to trust account monitoring and has no objection to the stipulated costs of this case, $3,493.61, being assessed against Attorney Guenther.

¶ 50. We do not find the referee's findings of fact with respect to any of the four counts in this case to be clearly erroneous. Accordingly, we adopt them as well as the referee's conclusions of law with respect to these counts.

¶ 51. However, we do not accept the referee's recommendation that the stipulated 60–day suspension be served concurrently. Any period of suspension of an attorney's license to practice law in this state is a severe matter. An eight-month suspension is more severe than a six-month suspension and we expect that it will indeed "make a difference" in Attorney Guenther's future conduct, particularly in light of his substantial disciplinary history. Accordingly, we impose a two-month consecutive suspension along with payment of the costs and trust account monitoring.

¶ 52. In conclusion, we adopt the findings of fact and conclusions of law of the referees in these two cases. Attorney Guenther's misconduct represents a serious failure to comply with the Rules of Professional Conduct. We conclude that an eight-month suspension is appropriate discipline for this conduct.

606

¶ 53. IT IS ORDERED that the license of Attorney Arik J. Guenther to practice law in Wisconsin is suspended for a period of eight months, effective August 30, 2005.

¶ 54. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Guenther shall pay to the Office of Lawyer Regulation costs of $16,207.21.

¶ 55. IT IS FURTHER ORDERED that Attorney Guenther comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶ 56. IT IS FURTHER ORDERED that as a condition of reinstatement Attorney Guenther must file quarterly reports for a period of two years with the Office of Lawyer Regulation, pursuant to its requirement concerning his trust account record keeping.