In the MATTER OF THE DISCIPLINARY PROCEEDINGS
AGAINST Leroy JONES, Attorney at Law.

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Leroy JONES,
Respondent.

Supreme Court

*No. 07AP1004–D. Decided June 3, 2008.*

2008 WI 53

(Also reported in 749 N.W.2d 603.)

Bulter, Jr., J., took no part.

¶ 1. PER CURIAM. We review the referee's recommendation that Attorney Leroy Jones's license to practice law in Wisconsin be suspended for four months due

to professional misconduct. The Office of Lawyer Regulation (OLR) has filed a 12–count disciplinary complaint arising from four client matters.

¶ 2. Stanley Hack was appointed referee. Following the disciplinary hearing, the referee determined the evidence supported the complaint's allegations. He recommended that Attorney Jones's law license be suspended for four months, restitution be required in the form of interest on a belatedly refunded fee and the costs of this disciplinary proceeding, $10,622.89, be imposed. No appeal has been filed.

¶ 3. We approve and adopt the referee's findings of fact and conclusions of law. We conclude that the seriousness of Attorney Jones's misconduct warrants a four-month license suspension. We impose the entire cost of this disciplinary proceeding and restitution as recommended by the referee.

¶ 4. Attorney Leroy Jones was licensed to practice law in Wisconsin in 1972 and practices in Milwaukee. He has been subject to a number of previous disciplinary proceedings, including separate public reprimands for conduct the referee found to be similar to the conduct alleged in this proceeding. On three previous occasions, Attorney Jones's law license has been suspended. *See In re Disciplinary Proceedings Against Leroy Jones,* 160 Wis. 2d 564, 466 N.W.2d 890 (1991) (60–day suspension for neglect of client's real estate matter, mishandling client funds, and failure to timely respond to Board of Attorneys Professional Responsibility); *In re Disciplinary Proceedings Against Leroy Jones,* 171 Wis. 2d 465, 491 N.W.2d 763 (1992) (60–day retroactive suspension for failing to act with reasonable diligence and promptness); and *In re Disciplinary Proceedings Against Leroy Jones,* 176 Wis. 2d 140, 499 N.W.2d 674 (1993) (60–day suspension for failing to

timely pursue personal injury claim and advise a client that the time for filing on one claim had expired and another claim had been denied).

¶ 5. The disciplinary complaint now before us involves four client matters. In the first client matter, E.B. retained Attorney Jones in May 2002 to probate her mother's estate. E.B. paid Attorney Jones a retainer; there was, however, no written fee agreement. Attorney Jones prepared an application for informal administration, an order appointing a guardian ad litem, and domiciliary letters which were filed with the probate court.

¶ 6. Attorney Jones failed to file the estate inventory by the February 26, 2003, deadline and failed to inform his client accordingly. The probate court issued an order to show cause and Attorney Jones failed to appear at the hearing. He did not inform E.B. of his failure to appear and claimed he did not recall receiving the notice. In June 2003 Attorney Jones was ordered removed as attorney of record and E.B. was ordered removed as personal representative. The probate court faulted both for not filing the inventory.

¶ 7. Nonetheless, in August 2003 Attorney Jones filed the inventory, which was rejected because Attorney Jones was no longer acting as the attorney of record. E.B. terminated Attorney Jones's services and retained another attorney. E.B. requested that Attorney Jones return the money paid because he had failed to act timely and had not completed the probate matter. Attorney Jones did not respond. Before the hearing in this disciplinary matter, however, Attorney Jones had returned to E.B. the money she had paid him.

¶ 8. E.B. had also retained Attorney Jones to file a guardianship petition and had paid him $1,000 for such service. Attorney Jones filed the petition in March 2003

but failed to appear at the hearing. Although the hearing was rescheduled, Attorney Jones failed to appear at the rescheduled hearing. Due to Attorney Jones's failure to appear, E.B. requested a refund of the $1,000 fee.

¶ 9. In January 2006 the OLR's committee investigator requested to speak with Attorney Jones concerning the grievance E.B. filed. Attorney Jones failed to respond. In February 2006 the investigator sent a letter requesting the opportunity for an interview with Attorney Jones. Attorney Jones failed to respond. In May 2006 this court temporarily suspended Attorney Jones's license based on his failure to cooperate. Thereafter, Attorney Jones's attorney contacted the investigator and indicated Attorney Jones's willingness to discuss the grievance.

¶ 10. In a second client matter, A.M. contacted Attorney Jones in January 2004 after receiving a summons and complaint. The suit related to a vehicle accident involving a van owned by the company for which A.M. served as principal officer. A.M. informed Attorney Jones that the accident was a minor incident without serious injuries, and that she did not want to involve her insurance company.

¶ 11. Attorney Jones agreed to represent A.M.'s company and was paid a flat fee; there was no written fee agreement. Attorney Jones did not tender A.M.'s defense to the insurance company because A.M. wanted to resolve what she thought was a minor matter independent of the insurance company. Attorney Jones failed to attend a deposition in the matter. The court ordered mediation; Attorney Jones failed to inform A.M. of the court-ordered mediation.

¶ 12. At the February 22, 2005, mediation hearing, the plaintiff requested $15,000 in settlement. A.M.

was not present. Attorney Jones settled the case at mediation for $12,500. He never communicated with A.M. during the mediation and agreed to the settlement without A.M.'s knowledge or approval. On February 28, 2005, Attorney Jones wrote A.M., advising that he had attempted to reach her by telephone to inform her of the mediation results. The letter, written on Attorney Jones's letterhead with his name signed by an employee, stated that the mediator had awarded the plaintiff $12,500. This representation was false.

¶ 13. In February 2004 a third client, C.E., hired Attorney Jones regarding a child support matter. C.E. filed a grievance. On November 30, 2005, the OLR wrote Attorney Jones requesting a response to the grievance. Attorney Jones failed to timely respond. By certified mail, the OLR sent a second letter reminding Attorney Jones of his duty to cooperate. The signed certified mail receipt was returned to the OLR; it was undated but signed by a Marrion Braxton (Braxton). Attorney Jones again failed to respond. In January 2006 the OLR sent Attorney Jones a third letter, again by certified mail, requesting a response by February 2, 2006. The certified mail receipt acknowledging delivery was signed by Attorney Jones and returned to the OLR. Attorney Jones again failed to respond.

¶ 14. On February 15, 2006, the OLR sent a fourth letter both by U.S. mail and personal service. Personal service was eventually obtained at Attorney Jones's law office by service on Braxton. The affidavit of service indicates that Braxton was authorized to accept service on Attorney Jones's behalf. Attorney Jones failed to respond to the February 15, 2006, letter.

¶ 15. In March 2006, upon the OLR's motion, this court issued an order requiring Attorney Jones to show cause why his license to practice law should not be

suspended for failure to cooperate. Attorney Jones responded to the November 30, 2005, letter. The OLR took no action on the C.E. grievance.

¶ 16. After this court suspended Attorney Jones's law license in May 2006 upon his failure to cooperate in two grievance investigations, Attorney Jones failed to comply with SCR 22.26. In June 2006 the OLR sent Attorney Jones a letter reminding him of his failure to file an affidavit pursuant to SCR 22.26(1)(e).[1] Attorney Jones replied in a June 12, 2006, letter that he was notifying his clients by certified mail of his license suspension and inability to represent them. He also stated that he was notifying courts, administrative agencies, and attorneys of his suspension. In June 2006 Attorney Jones filed an affidavit in accordance with SCR 22.26(1)(e) stating he had complied with that rule. In July 2006 this court reinstated Attorney Jones's license.

---

[1] SCR 22.26(1)(e) provides: Activities following suspension or revocation.

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

. . .

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

¶ 17. Attorney Jones was retained to represent a fourth client, D.P., in a small claims case. D.P. filed a grievance with the OLR. The OLR investigator sent Attorney Jones a letter requesting Attorney Jones contact him regarding this matter; Attorney Jones did not respond. In a second letter, the investigator inquired why Attorney Jones had not responded. Attorney Jones replied by letter that his office paralegal had been ill for three months and because the investigator has not finished his investigation, Attorney Jones requested additional time. The OLR investigator informed Attorney Jones this reply was unsatisfactory and requested a meeting.

¶ 18. After this court issued an order to show cause, Attorney Jones apologized for his delay and provided the OLR with minimal information. Following his May 2006 license suspension for failure to cooperate, Attorney Jones met with the investigator regarding D.P.'s grievance. The OLR took no action on this grievance. Attorney Jones's license was reinstated in July 2006.

¶ 19. The referee determined the OLR established the following:

> 1. By failing to timely file an estate inventory, failing to appear at an order to show cause hearing regarding the same estate, and failing to appear at two guardianship hearings, Attorney Jones failed to act with reasonable diligence and promptness in representing a client, in violation of former SCR 20:1.3.[2]

---

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case

2. By failing to inform his client that he had not timely filed an estate inventory and that an order to show cause hearing had been scheduled but that no one appeared on her behalf at the hearing, Attorney Jones failed to keep his client reasonably informed about the status of a matter, in violation of SCR 20:1.4(a).[3]

3. By failing to timely return any portion of the flat fee paid to him by his client, despite the fact that he did not complete the representation, Attorney Jones failed to refund an advance payment of fee that had not been earned, in violation of SCR 20:1.16(d).[4] This fee was returned at the time of the disciplinary hearing after efforts to return it earlier failed because the post office did not forward a letter.

4. By failing to cooperate with the OLR district committee's investigation of his grievance, eventually leading to the suspension of his license, Attorney Jones failed to cooperate with OLR's investigation of a griev-ance, in violation of SCR 21.15(4)[5]

---

arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.3 states "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Former SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] Former SCR 20:1.16(d) provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 21.15(4) states:

and SCR 22.03(6)[6] via SCR 20:8.4(f).[7]

5. By failing to take appropriate action in defending his client, including but not limited to failing to attend plaintiff's deposition, Attorney Jones failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

6. By failing to inform his client of upcoming mediation and its meaning, Attorney Jones failed to explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding the representation, in violation of SCR 20:1.4(b).[8]

7. By failing to inform his client of a settlement offer prior to accepting the offer during mediation, settlement and abide by the client's decision whether to accept an offer, in violation of SCR 20:1.2(a).[9]

---

Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

[6] SCR 22.03(6) provides, "In the course of the investigation, the [attorney's] wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the [attorney's] misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[7] Former SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[8] Former SCR 20:1.4(b) states, "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Attorney Jones failed to inform a client of all offers of

[9] Former SCR 20:1.2(a) provides, in pertinent part, that "[a] lawyer shall inform a client of all offers of settlement and abide

8. By representing to his client that the mediator had "awarded" the plaintiff $12,500, Attorney Jones engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[10]

9. By failing to timely respond to OLR's November 30, 2005, letter until March 14, 2006, Attorney Jones failed to fully and fairly disclose all facts and circumstances pertaining to alleged misconduct within 20 days after being served by ordinary mail with a request for a written response, in violation of SCR 22.03(2).[11]

10. By failing to timely notify his clients, courts, administrative agencies and the attorney for each party in a pending matter of his suspension on or before the effective date of his suspension, Attorney Jones violated SCRs 22.26(1)(a) and (c)[12] via SCR 20:8.4(f).

by a client's decision whether to accept an offer of settlement of a matter."

[10] Former SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[11] SCR 22.03(2) provides:

> Upon commencing an investigation, the director shall notify the [attorney] of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The [attorney] shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the [attorney] to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[12] SCRs 22.26(1)(a) and (c) provide: Activities following suspension or revocation.

> (1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

11. By failing to timely file an affidavit in accordance SCR 22.26(1)(e) until June 28, 2006, Attorney Jones violated SCR 22.26(1)(e) via SCR 20:8.4(f).

12. By failing to timely cooperate with the district committee's investigation of D.P.'s grievance, leading to OLR's pursuit of an order to show cause under SCR 22.03(4) and Attorney Jones's eventual license suspension, Attorney Jones violated SCR 21.15(4), 22.03(6), and SCR 22.04(1)[13] via SCR 20:8.4(f).

¶ 20. The OLR sought a six-month suspension. The referee considered Attorney Jones's disciplinary history very serious, noting his past disciplinary problems were similar in many respects to the present ones. The referee considered as a mitigating circumstance that Attorney Jones served a low income segment of society which is underserved by the legal community. The referee found Attorney Jones to be credible and remorseful. The referee noted Attorney Jones planned

---

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

. . .

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. . . .

[13] SCR 22.04(1) states: Referral to district committee.

The director may refer a matter to a district committee for assistance in the investigation. A respondent has the duty to cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. The committee may subpoena and compel the production of documents specified in SCR 22.03(8) and 22.42.

to give up the practice of criminal law, which contributed to his problems. The referee recognized the problems Attorney Jones claimed—being overly busy, receiving modest fees, and having collection and staff problems—are "no doubt true." The referee found credible Attorney Jones's stated intention of reducing his practice and better organizing his office.

¶ 21. While finding that these factors failed to minimize the seriousness of the violations, the referee concluded that a four-month license suspension was appropriate. The referee also recommended Attorney Jones make restitution of interest to his former client, E.B., at 12 percent per annum from the date that he was paid his fee to the date payment was returned. The referee further stated Attorney Jones should pay the costs of this proceeding, amounting to $10,622.89.

¶ 22. No appeal has been filed. A referee's findings of fact are not overturned unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. We independently review the referee's legal conclusions. *Id.* It is our responsibility to determine the appropriate discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894.

¶ 23. We consider the seriousness of the conduct as well as the need to protect the public, courts, and legal system from repetition of misconduct, to impress upon the attorney the seriousness of the misconduct and to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910. Although no two cases are alike, in *In Re Disci-*

*plinary Proceedings Against Guenther,* 2005 WI 133, 285 Wis. 2d 587, 700 N.W.2d 260, an eight-month license suspension was ordered for two matters totaling 17 counts of misconduct involving numerous trust account discrepancies, failing to hold property in trust, failing to provide relevant information and answer questions fully or furnish documents to the OLR, fraud, deceit, or misrepresentations, and failing to keep a client reasonably informed. *See id.,* ¶¶ 7, 15, 26. Attorney Guenther had been admitted to practice law in 1982, and had been subject to three previous private reprimands for misconduct. *See id.,* ¶ 5.

¶ 24.  We accept the referee's recommended discipline. We agree that Attorney Jones's serious disciplinary history calls for the suspension of his license. Due to the circumstances considered by the referee, a four-month license suspension is appropriate. We give weight to the referee's finding that Attorney Jones will be able to carry out his intention of limiting his practice and better organizing his office. Attorney Jones has stated his intention to give up a portion of his work he found to be contributing to his problems, his criminal practice. The referee found that by limiting Attorney Jones's practice as planned, many of his management problems would be resolved. Accordingly, we impose as a condition of reinstatement that Attorney Jones demonstrate that he has limited his practice in accordance with his stated intentions.

¶ 25.  Unlike the *Guenther* case, in which an eight-month suspension was imposed for 17 counts of misconduct, here 12 counts are involved and a condition of reinstatement is imposed that Attorney Jones limit his practice. Also, the referee found that due to Attorney Jones's age, a lengthy license suspension would prob-

ably end his practice permanently, resulting in an unduly harsh sanction. We approve the referee's findings of fact, conclusions of law and recommended discipline. Under the circumstances, a four-month license suspension, together with restitution to client E.B. and the entire cost of this proceeding achieves the objectives of lawyer discipline. We further require, as a condition of reinstatement, that Attorney Jones demonstrate that he has limited his practice in accordance with his stated intentions.

¶ 26. IT IS ORDERED that Attorney Leroy Jones's license to practice law in Wisconsin is suspended for a period of four months, effective July 7, 2008.

¶ 27. IT IS FURTHER ORDERED that Attorney Leroy Jones comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 28. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Leroy Jones shall demonstrate that he has paid restitution to his former client, E.B., in the form of 12 percent interest per annum from the time Attorney Leroy Jones was paid to the time he returned E.B.'s payment. If restitution is not paid within the specified time and absent a showing to this court of his inability to pay restitution within that time, the license of Attorney Leroy Jones to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 29. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Leroy Jones pay the costs of this proceeding to the Office of Lawyer Regulation, amounting to $10,622.89. Restitution shall be made before the payment of costs. If the costs are not paid within the specified time, and absent a showing to

this court of his inability to pay the costs within that time, the license of Attorney Leroy Jones shall remain suspended until further order of the court.

¶ 30.   IT IS FURTHER ORDERED that Attorney Leroy Jones, as a condition of reinstatement, shall demonstrate that he has procedures in place to carry out his stated intention to limit his areas of practice to exclude criminal law practice.

¶ 31.   LOUIS B. BUTLER, JR., J., did not participate.