IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Arik J. GUENTHER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Arik J. GUENTHER, Respondent.

Supreme Court

*No. 2011AP1073–D.—Decided February 10, 2012.*

2012 WI 10

(Also reported in 808 N.W.2d 921.)

¶ 1. PER CURIAM. We review the report of the referee, Jonathan V. Goodman, recommending that the Office of Lawyer Regulation (OLR) be granted a default judgment, that Attorney Arik J. Guenther's license to practice law in Wisconsin be suspended for 90 days, that this court impose certain conditions on Attorney Guenther's reinstatement, and that Attorney Guenther be ordered to pay the costs of this disciplinary proceeding.

¶ 2. Because no appeal has been filed, we review the referee's report pursuant to SCR 22.17(2).[1] After conducting our independent review of the matter, we accept and adopt the referee's findings of fact, which were based on the allegations of the complaint filed by the OLR, due to Attorney Guenther's default. We agree the OLR is entitled to a default judgment, and we determine that Attorney Guenther's misconduct requires that his license to practice law in this state be suspended. We further order Attorney Guenther to comply with the conditions recommended in the referee's report and adopted by this court. Finally, we impose the full costs of this proceeding on Attorney Guenther. Those costs total $1,116.04 as of November 3, 2011.

¶ 3. Attorney Guenther was admitted to practice law in Wisconsin on September 14, 1981. He has a

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

lengthy disciplinary history including three private reprimands, one public reprimand, and two disciplinary suspensions. His license is currently suspended.

¶ 4.   In May of 1989, Attorney Guenther consented to the imposition of a private reprimand of the Board of Attorneys Professional Responsibility (BAPR), the predecessor to the Office of Lawyer Regulation (OLR), for professional misconduct consisting of failing to obtain information necessary to complete a client's divorce; failing to respond to a client's letter and the client's numerous phone calls inquiring about the status of his divorce; and failing to cooperate with BAPR's investigations into the matter. Private Reprimand No. 1989–13.

¶ 5.   In June of 2001, OLR imposed a private reprimand upon Attorney Guenther pursuant to SCR 22.09 for professional misconduct consisting of failing to provide competent representation to a divorce client; failing to consult with his client as to the objectives of the representation and the means by which they are to be pursued; failing to act with reasonable diligence and promptness by failing to file a post-trial brief; failing to keep his client reasonably informed about the status of the case; and failing to make reasonable efforts to ensure that a non-lawyer secretary over whom Attorney Guenther had direct supervisory authority, conducted herself compatibly with Attorney Guenther's professional obligations. Private Reprimand No. 2001–4.

¶ 6.   In February of 2002, another private reprimand was imposed upon Attorney Guenther pursuant to SCR 22.09 for professional misconduct consisting of failing to act with reasonable diligence and promptness in representing a client by failing to enter an appearance on behalf of a client in a foreclosure action for more than seven months after he was retained, and by failing to appear on his client's behalf at a scheduling conference

on the matter; and for improperly representing a client when the representation of that client was directly adverse to another client; and by representing a vendor in a land contract case in which the vendor was adverse to another client, while also representing that other client in a divorce matter and in a criminal case, without obtaining written conflict waivers from either client. Private Reprimand No. 2002–5.

¶ 7. In July of 2005, this court suspended Attorney Guenther's license for eight months, effective August 30, 2005, for professional misconduct consisting of failing to keep a client reasonably informed; engaging in conduct involving dishonesty, deceit or misrepresentation; failing to provide an accurate accounting to OLR; failing to maintain complete trust account records; failing to submit complete records for OLR's inspection; falsely certifying that he was maintaining required trust account records; failing to hold client funds in trust; failing to cooperate with OLR's investigation; dishonest or fraudulent conduct; and failing to appropriately supervise a non-lawyer's conduct. *In re Disciplinary Proceedings Against Guenther,* 2005 WI 133, 285 Wis. 2d 587, 700 N.W.2d 260.

¶ 8. In April of 2007, Attorney Guenther received a public reprimand for professional misconduct including failing to refund an unearned fee upon termination of the representation; failing to notify clients about his suspension and failing to list the clients on a post-suspension affidavit that he filed with OLR; failing to respond to the clients' inquiries or timely provide requested file documents, thereby failing to take steps reasonably practicable to protect the clients' interests upon termination of the representation; and failing to provide timely written responses to grievances despite

545

multiple requests from OLR. Public Reprimand of Arik J. Guenther, 2007–3.

¶ 9. On March 24, 2009, this court suspended Attorney Guenther's law license for nine months, effective March 24, 2009, for professional misconduct including failing to act with reasonable diligence and promptness in representing a client; failing to inform a client that he would no longer be working on her matter; failing to return the client's file to her in a timely manner, thereby failing to take steps reasonably practicable to protect the clients' interests upon termination of the representation; and failing to cooperate with the OLR's investigative committee. *In re Disciplinary Proceedings Against Guenther,* 2009 WI 25, 316 Wis. 2d 34, 762 N.W.2d 371.

¶ 10. The professional misconduct alleged in the disciplinary matter currently before the court stems from events that occurred between February 2007 and June 2010, commencing with an incident of domestic violence.

¶ 11. On February 24, 2007, Attorney Guenther had an altercation in his home with his then-wife, R.G. On May 4, 2007, the state filed a criminal complaint captioned *State v. Guenther,* Fond du Lac County Case No. 2007CM367, charging Attorney Guenther with disorderly conduct with a domestic abuse modifier in connection with the altercation. On March 7, 2008, Attorney Guenther and the prosecutor entered into a post-plea diversion agreement, subject to acceptance by the court. Attorney Guenther then entered a plea of no contest to the charges. The court permitted Attorney Guenther to post bond. The conditions of his bond included that Attorney Guenther maintain absolute sobriety and have no violent contact with R.G. As will be discussed, Attorney Guenther failed to comply with both conditions.

¶ 12. On February 20, 2009, Attorney Guenther forced open a door to break into R.G.'s residence. Attorney Guenther then took R.G.'s laptop computer and left a note in R.G.'s home stating, "It's nice to see all the things that you and your little friend can afford while you pay no bills. That['s] all over for you. All you had to do was be my wife but you couldn't and you will now have [] to pay."

¶ 13. Fond du Lac County sheriff's deputies contacted Attorney Guenther by telephone, and Attorney Guenther admitted he had been in R.G.'s home, left the note, and took the laptop computer.

¶ 14. Accordingly, on March 2, 2009, the prosecutor moved to vacate the post-plea diversion agreement relating to the 2007 incident, because Attorney Guenther had engaged in new criminal acts and (as will be discussed) had also failed to maintain absolute sobriety.

¶ 15. Also on March 2, 2009, a new criminal complaint was filed against Attorney Guenther based on his actions on February 20, 2009. *State v. Guenther*, Fond du Lac County Case No. 2009CF53. At the initial appearance Attorney Guenther was released on cash bond. A condition of this bond was that Attorney Guenther maintain absolute sobriety.

¶ 16. On March 9, 2009, Attorney Guenther drank alcohol. Deputy Hammett of the Winnebago County Sheriff's Department asked Attorney Guenther to submit to a preliminary breath test. The result of the breath test was .128 grams of alcohol in 100 milliliters of Attorney Guenther's blood. Attorney Guenther admitted to Deputy Hammett that he had been drinking.

¶ 17. Accordingly, on March 24, 2009, the state charged Attorney Guenther with felony bail jumping. *State v. Guenther*, Winnebago County Case No. 2009CF144.

¶ 18. On March 26, 2009, the court revoked the diversion agreement and ordered that a judgment of conviction be entered in connection with the 2007 altercation.

¶ 19. On April 16, 2009, the court filed the judgment of conviction against Attorney Guenther relating to the 2007 altercation, convicting him of violating Wis. Stat. § 947.01 (disorderly conduct), a misdemeanor, with a domestic abuse modifier. The conviction date was recorded as April 13, 2009. Attorney Guenther failed to report this conviction to the Clerk of the Wisconsin Supreme Court and the OLR within five days.

¶ 20. Meanwhile, the OLR had received a copy of the criminal complaint in the case pertaining to the February 2009 home intrusion (*State v. Guenther*, Fond Du Lac Case No. 2009CF53). On April 24, 2009, OLR requested Attorney Guenther provide a written response in the matter. Attorney Guenther did not respond. OLR also requested Attorney Guenther provide a written response to a grievance related to his actions on March 9, 2009. Again, Attorney Guenther did not respond.

¶ 21. On September 14, 2009, Attorney Guenther pled no contest and was convicted of the Class H felony of bail jumping in violation of Wis. Stat. § 946.49(1)(b) in connection with having consumed alcohol in violation of his conditions of bond. *State v. Guenther*, Winnebago County Case No. 2009CF144.

¶ 22. Again, Attorney Guenther did not timely notify the clerk of this court or the OLR of this conviction.

¶ 23. On October 19, 2009, while Attorney Guenther's driver's license was suspended, Officer Gerke of the Jackson Police Department stopped Attorney Guenther for driving 35 mph in a 25 mph zone. Ultimately, Officer Gerke transported Attorney Guenther to

a hospital where his blood was drawn. The State Laboratory of Hygiene tested the sample and found an alcohol concentration of .213 grams of alcohol in 100 milliliters of Attorney Guenther's blood. Officer Gerke issued citations to Attorney Guenther for speeding, operating after suspension, and operating while intoxicated, second offense.

¶ 24. On October 20, 2009, the Washington County district attorney charged Attorney Guenther with misdemeanor bail jumping, operating a motor vehicle while under the influence of an intoxicant (second offense), and operating a motor vehicle with a prohibited alcohol concentration (second offense). *State v. Guenther*, Washington County Case No. 2009CF351.

¶ 25. On March 30, 2010, Attorney Guenther pled no contest to, and was convicted of, misdemeanor bail jumping in connection with the home intrusion (Fond du Lac County Case No. 2009CF53). Attorney Guenther did not timely inform the Clerk of the Wisconsin Supreme Court or the OLR of this conviction.

¶ 26. On June 9, 2010, Attorney Guenther pled guilty to operating a motor vehicle with a prohibited alcohol concentration (PAC) of .08 or more in the Washington County case (*State v. Guenther*, Washington County Case No. 2009CF351). The bail jumping and operating while intoxicated counts were dismissed but read in. Attorney Guenther did not inform the OLR or the clerk of this court of the conviction within five days.

¶ 27. At a hearing on December 16, 2010, Attorney Guenther withdrew his plea in Washington County Case No. 2009CF351, and the court vacated the conviction. The charges previously dismissed, but read in, were reinstated.

¶ 28. These events gave rise to the 11–count disciplinary complaint filed by the OLR on May 13, 2011.

¶ 29. Count One of the OLR's complaint provided that by engaging in disorderly conduct in a domestic dispute with his wife on February 24, 2007, resulting in his criminal conviction for disorderly conduct, Attorney Guenther violated SCR 20:8.4(b).[2]

¶ 30. Count Two provided that by failing to notify OLR and the Clerk of the Wisconsin Supreme Court within five days of his April 13, 2009, conviction for disorderly conduct in *State v. Guenther*, Fond du Lac County Case No. 2007CM367, Attorney Guenther violated SCR 21.15(5),[3] enforceable via SCR 20:8.4(f).[4]

¶ 31. Count Three of the complaint alleged that by breaching the condition of bond prohibiting any violent contact with R.G. by breaking down a door to enter her residence on February 20, 2009, removing property, and leaving her a threatening note, resulting in his criminal conviction for bail jumping, Attorney Guenther violated SCR 20:8.4(b).

---

[2] SCR 20.8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[3] SCR 21.15(5) states:

> An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[4] SCR 20:8.4(f) says it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

¶ 32. Count Four alleged that by failing to notify OLR and the clerk of this court within five days of his March 30, 2010, conviction for misdemeanor bail jumping in *State v. Guenther*, Fond du Lac County Case No. 2009CF53, Attorney Guenther violated SCR 21.15(5), which is misconduct under SCR 20:8.4(f).

¶ 33. Count Five of the complaint alleged that by failing to fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct underlying the criminal charges then pending against him in *State v. Guenther*, Fond du Lac County Case No. 2009CF53, within 20 days after being served by ordinary mail with OLR's April 24, 2009, investigative request for a written response, Attorney Guenther violated SCRs 22.03(2) and 22.03(6),[5] enforceable under SCR 20:8.4(h).[6]

---

[5] SCRs 22.03(2) and 22.03(6) state as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[6] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance

¶ 34. Count Six alleged that by breaching the condition of his bond by failing to maintain absolute sobriety on March 9, 2009, resulting in his criminal conviction for felony bail jumping, Attorney Guenther violated SCR 20:8.4(b).

¶ 35. Count Seven alleged that by failing to notify OLR and the clerk of this court within five days after he was found guilty and convicted of felony bail jumping on September 14, 2009, in *State v. Guenther,* Winnebago County Case No. 2009CF144, Attorney Guenther violated SCR 21.15(5), enforceable under SCR 20:8.4(f).

¶ 36. Count Eight alleged that by failing to respond to OLR's April 24, 2009, letter requesting that he fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct underlying the criminal charges then pending against him in Winnebago County, Attorney Guenther violated SCRs 22.03(2) and 22.03(6), enforceable via SCR 20:8.4(h).

¶ 37. Count Nine alleged that by operating a motor vehicle with a blood alcohol concentration of .213 on October 19, 2009, thereby committing the elements of the crimes of operating a motor vehicle while intoxicated (second offense) and with a prohibited alcohol concentration (second offense), Attorney Guenther violated SCR 20:8.4(b).

¶ 38. Count Ten of the complaint alleged that by violating the court-ordered absolute sobriety condition of his bond in *State v. Guenther,* Fond du Lac County Case No. 2009CF53, by consuming alcohol on or around

filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . .

October 19, 2009, Attorney Guenther violated SCR 20:3.4(c).[7]

¶ 39. Count Eleven alleged that by failing to notify OLR and the Clerk of the Wisconsin Supreme Court within five days of his June 9, 2010, conviction in *State v. Guenther,* Washington County Case No. 2009CF351, for operating with a prohibited alcohol concentration (notwithstanding the subsequent vacating of the conviction and reinstatement of all charges on December 16, 2010), Attorney Guenther violated SCR 21.15(5), enforceable via 20:8.4(f).

¶ 40. The OLR recommended a 90–day suspension of Attorney Guenther's license to practice law and further recommended that this court order Attorney Guenther to undergo alcohol assessment, treatment, and monitoring with a provider approved by OLR; to cooperate with all recommended treatment; to provide full medical releases to OLR covering all alcohol-related treatment and care; to demonstrate his compliance as a condition of restatement; and to maintain absolute sobriety and to be subject to random monitoring at the request of OLR and at his expense until such condition might be removed by order of this court.

¶ 41. Attorney Guenther failed to file an answer to the complaint. The referee set an August 11, 2011 scheduling conference at which Attorney Guenther did appear. Following the conference the referee issued a scheduling order directing, inter alia, Attorney Guenther to file and serve an answer by August 18, 2011. No answer was filed.

---

[7] SCR 20:3.4(c) states a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

¶ 42. On August 29, 2011, the OLR moved for a default judgment. Shortly after the referee scheduled a hearing on the motion, it was discovered that Attorney Guenther had been incarcerated since August 22, 2011. Accordingly, the hearing on the motion for default judgment was postponed and arrangements were made to permit Attorney Guenther to participate from jail.

¶ 43. At the hearing the referee considered Attorney Guenther's explanations for not filing an answer by August 18, 2011. The referee stated in his ensuing order that Attorney Guenther's incarceration did not excuse his failure to file an answer.

¶ 44. On October 13, 2011, the referee filed a report and recommendation in which he recommended granting the OLR's motion for default judgment. The referee found the facts as alleged in the complaint and concluded that Attorney Guenther had committed each of the acts of misconduct alleged therein. The referee recommended Attorney Guenther's license to practice law in Wisconsin be suspended for "not less than ninety (90) days," that he be ordered to undergo alcohol assessment, treatment, and monitoring, and that, as a condition for reinstatement of his license, Attorney Guenther pay all the costs and expenses of the proceeding.

¶ 45. No appeal was filed, so we consider this matter pursuant to SCR 22.17(2). We accept the referee's findings of fact predicated on the complaint and adopt the recommendation regarding discipline.

¶ 46. We agree that some conditions on Attorney Guenther's license to practice law are necessary to ensure that Attorney Guenther obtains the treatment he needs to cope with his alcohol-related problems and to protect the public from any future misconduct that might result from Attorney Guenther's consumption of alcohol. We conclude that Attorney Guenther should

undergo a thorough alcohol and other drug abuse (AODA) evaluation by a provider approved by OLR, and that he should comply with the treatment recommendations contained in the evaluation. We also believe it is appropriate to require him to submit to monitoring by the OLR, including random alcohol/substance abuse screenings until such condition might be removed by order of this court. These conditions are based on the OLR's suggested conditions. Attorney Guenther will need to demonstrate his compliance with these requirements as a condition of any future reinstatement. Finally, we order Attorney Guenther to pay the costs of this proceeding, which were $1,116.04 as of November 3, 2011.

¶ 47. IT IS ORDERED that the license of Arik J. Guenther to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this order.

¶ 48. IT IS FURTHER ORDERED that Arik J. Guenther shall, if he has not already done so, comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 49. IT IS FURTHER ORDERED that within 30 days after the date of this order, Arik J. Guenther shall sign reciprocal releases of confidentiality (complying with the federal Health Insurance Portability and Accountability Act and all other applicable federal and state laws) for each treatment provider who is providing or has provided alcohol-related or substance abuse-related treatment or services to Arik J. Guenther within the last ten years, so that such treatment providers may share pertinent information related to Arik J. Guenther's substance abuse history and related issues. In addition to authorizing other treatment providers to obtain access to such treatment information,

the releases signed by Arik J. Guenther shall also authorize disclosure of all records concerning alcohol-related or substance abuse-related treatment or services to the Office of Lawyer Regulation. The Office of Lawyer Regulation shall maintain as confidential all information or documents received pursuant to these releases. The releases required by this paragraph shall remain in effect for two years from the date of this order.

¶ 50. IT IS FURTHER ORDERED that within 60 days after the date of this order, Arik J. Guenther shall, at his own expense, submit to an alcohol and other drug abuse (AODA) evaluation by a professional AODA counselor or treatment provider approved by the Office of Lawyer Regulation, which written evaluation shall assess Arik J. Guenther's substance abuse history and current status and make specific recommendations for Arik J. Guenther's continuing treatment or maintenance. A copy of the written AODA evaluation shall be submitted to the Office of Lawyer Regulation and shall be maintained by it as confidential.

¶ 51. IT IS FURTHER ORDERED that Arik J. Guenther shall, to the best of his ability, comply with all written recommendations set forth in the AODA evaluation, with the OLR to monitor Arik J. Guenther's compliance.

¶ 52. IT IS FURTHER ORDERED that following the date of this order and until further order of this court, Arik J. Guenther shall, at his own expense, submit to random alcohol and substance abuse screening, directed and monitored by the Office of Lawyer Regulation.

¶ 53. IT IS FURTHER ORDERED that within 60 days of the date of this order, Arik J. Guenther shall pay to the Office of Lawyer Regulation the costs of this

proceeding. If the costs are not paid within the time specified and Arik J. Guenther has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of Arik J. Guenther to practice law in Wisconsin.