IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Arik J. GUENTHER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Arik J. GUENTHER, Respondent.

Supreme Court

*No. 2012AP93–D.—Decided November 21, 2012.*

2012 WI 116

(Also reported in 823 N.W.2d 266.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. We review the report and recommendation of the referee, James W. Mohr, Jr., finding that Attorney Arik J. Guenther violated the supreme court rules of professional conduct for attorneys and recommending that Attorney Guenther's license to practice law in Wisconsin be suspended for a minimum of 60 days and that he be required to pay the costs of this proceeding.

¶ 2. Because no appeal has been filed, we review the referee's report pursuant to SCR 22.17(2).[1] After conducting an independent review of the matter, we adopt the referee's findings of fact and conclusions of law, and we also agree with the referee's recommendation that Attorney Guenther's license to practice law be suspended for a period of 60 days. Finally, we determine

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

---

that Attorney Guenther should be required to pay the full costs of this proceeding, which were $752.31 as of May 23, 2012.

¶ 3.   Attorney Guenther was admitted to practice law in Wisconsin in 1981. He has a lengthy disciplinary history which includes three private reprimands, one public reprimand, and three disciplinary suspensions, the most recent of which was imposed in February 2012. *In re Disciplinary Proceedings Against Guenther,* 2012 WI 10, 338 Wis. 2d 542, 808 N.W.2d 921. His license remains suspended.

¶ 4.   The current disciplinary proceeding arises out of Attorney Guenther's representation of A.K. A.K. filed a grievance with the Office of Lawyer Regulation (OLR) in January of 2011. In March 2011 the OLR notified Attorney Guenther that it was investigating the grievance and required him to respond by April 15, 2011. Attorney Guenther failed to respond. The OLR director referred A.K.'s grievance to OLR's District 13 Committee for investigation. The chairperson of the District 13 Committee notified Attorney Guenther of the attorneys assigned to investigate the grievance.

¶ 5.   On April 21, 2011, the OLR director wrote to Attorney Guenther requiring a response to the grievance by May 2, 2011. Attorney Guenther failed to respond. The OLR director sent Attorney Guenther another letter on May 18, 2011, requiring a written response to the grievance within 10 days.

¶ 6.   The OLR District 13 investigators made an appointment to meet with Attorney Guenther on June 8, 2011. Attorney Guenther failed to appear and failed to respond to multiple subsequent attempts to contact him. In June 2011 Attorney Guenther was personally

served with the OLR's May 18, 2011 letter, along with the OLR's earlier letters. Attorney Guenther still did not respond.

¶ 7.  On January 13, 2012, the OLR filed a complaint alleging that by failing to respond to the notice of formal investigation from the OLR and failing to cooperate with the District 13 Committee investigation, Attorney Guenther violated SCR 22.03(6)[2] and SCR 22.04(1),[3] enforceable via SCR 20:8.4(h).[4]

¶ 8.  Attorney Guenther filed an answer on March 8, 2012, admitting the allegations contained in the OLR's complaint. The parties agreed that the matter could be resolved upon the pleadings, without need for an evidentiary hearing. The referee issued his report and recommendation on May 3, 2012. The referee found that by failing to respond to the OLR's letters and in failing to cooperate with the District 13 Committee investigation, Attorney Guenther committed profes-

[2] SCR 22.03(6) states as follows:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[3] SCR 22.04(1) states as follows:

The director may refer a matter to a district committee for assistance in the investigation. A respondent has the duty to cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. The committee may subpoena and compel the production of documents specified in SCR 22.03(8) and 22.42.

[4] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

531

sional misconduct. The referee recommended that Attorney Guenther's license to practice law be suspended for 60 days and that he be required to pay the full costs of this proceeding.

¶ 9.  When reviewing a referee's report and recommendation, we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. The referee's conclusions of law are subject to de novo review. *Id.* We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefitting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 10.  After independently reviewing the matter, we conclude that the referee's findings of fact are not clearly erroneous, and we adopt them. We also agree that the referee's conclusions of law regarding Attorney Guenther's misconduct are correct, and we concur with the referee that a 60–day suspension of Attorney Guenther's license to practice law is appropriate. We also agree that Attorney Guenther should be required to pay the full costs of this disciplinary proceeding.

¶ 11.  IT IS ORDERED that the license of Arik J. Guenther to practice law in Wisconsin is suspended for a period of 60 days, effective as of the date of this order.

¶ 12.  IT IS FURTHER ORDERED that Arik J. Guenther shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 13.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Arik J. Guenther shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 14.   IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. *See* SCR 22.28(2).