# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP967-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Arik J. Guenther, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　v.<br>Arik J. Guenther,<br>　　　　　Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST GUENTHER

---

| | |
|---|---|
| OPINION FILED: | November 7, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

---

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

---

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

---

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2012AP967-D

STATE OF WISCONSIN                    :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Arik J. Guenther, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

   **v.**

**Arik J. Guenther,**

      **Respondent.**

**FILED**

**NOV 7, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is the ninth disciplinary proceeding against Attorney Arik J. Guenther and the fifth to result in a full disciplinary opinion and order from this court. In this proceeding, we review the report of the referee, Attorney Christine Harris Taylor, finding that Attorney Guenther committed professional misconduct as alleged in the 18 counts of the complaint filed by the Office of Lawyer Regulation (OLR) and recommending that (1) the court suspend Attorney Guenther's

license to practice law in Wisconsin for a period of one year and (2) the court impose the full costs of this disciplinary proceeding on Attorney Guenther.

¶2 Because no appeal has been filed from the referee's report and recommendation, we review the matter pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After considering the referee's report and the record in this matter, we adopt the referee's findings of fact and agree that Attorney Guenther committed the acts of professional misconduct alleged in the 18 counts of the complaint. Due in large part to Attorney Guenther's disciplinary history and the seriousness of his misconduct, we further agree with the referee that the proper level of discipline to be imposed is a one-year suspension of Attorney Guenther's license to practice law in this state, effective the date of this opinion and order. Finally, we see no reason to depart in this case from our general practice of imposing full costs on attorneys found to have engaged in misconduct, and we require Attorney Guenther to pay the full costs of this disciplinary proceeding, which were $2,070.35 as of September 18, 2013.

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶3 Attorney Guenther was admitted to the practice of law in Wisconsin in September 1981. His license was initially suspended for disciplinary reasons in August 2005. Attorney Guenther filed petitions for reinstatement in 2006, 2008, and 2010, but all of those petitions were dismissed before a reinstatement hearing was held. His license therefore remains suspended as of the date of this opinion.

¶4 Attorney Guenther has a lengthy and troubling disciplinary history, with three consensual private reprimands, one consensual public reprimand, and four previous suspensions. It can be summarized as follows:

- Private Reprimand No. 1989-13 (imposed with consent in May 1989);

- Private Reprimand No. 2001-04 (imposed with consent in June 2001);

- Private Reprimand No. 2002-05 (imposed with consent in February 2002);

- In re Disciplinary Proceedings Against Guenther, 2005 WI 133, 285 Wis. 2d 587, 700 N.W.2d 260 (eight-month suspension imposed, effective August 30, 2005) ("Guenther I");

- Public Reprimand of Arik J. Guenther, No. 2007-3 (imposed with consent in April 2007);

- In re Disciplinary Proceedings Against Guenther, 2009 WI 25, 316 Wis. 2d 34, 762 N.W.2d 371 (nine-month suspension imposed, effective March 24, 2009) ("Guenther II");

3

- <u>In re Disciplinary Proceedings Against Guenther</u>, 2012 WI 10, 338 Wis. 2d 542, 808 N.W.2d 921 (90-day suspension imposed, effective February 10, 2012) ("<u>Guenther III</u>"); and

- <u>In re Disciplinary Proceedings Against Guenther</u>, 2012 WI 116, 344 Wis. 2d 528, 823 N.W.2d 266 (60-day suspension imposed, effective November 21, 2012) ("<u>Guenther IV</u>")

¶5 The <u>Guenther III</u> matter merits some further discussion, as several of Attorney Guenther's actions at issue there are relevant to the facts underlying the current disciplinary proceeding and the level of discipline to be imposed. Several of the counts of misconduct in <u>Guenther III</u> related to Attorney Guenther's improper conduct toward his now-former wife, R.G., and to his improper ingestion or abuse of alcohol. Specifically, Attorney Guenther was ultimately convicted of disorderly conduct, with a domestic abuse modifier, for an altercation that he had with R.G. in their home on February 24, 2007. 338 Wis. 2d 524, ¶¶11, 19, & 29. While subject to a bond that required no violent contact with R.G., on February 20, 2009, Attorney Guenther forcibly broke into R.G.'s residence, stole her laptop computer, and left a threatening

4

written note.[2] This conduct resulted in a conviction for misdemeanor bail jumping. Id., ¶¶12, 25.

¶6 Several other counts of misconduct in Guenther III related to Attorney Guenther's improper ingestion of alcohol. In addition to violating the no-contact term of his bond, Attorney Guenther also violated the absolute sobriety term of the bond in March 2009 when he was found to have a blood alcohol concentration (BAC) of 0.128 grams of alcohol per 100 milliliters of blood (g/ml). This resulted in a conviction for felony bail jumping. Id., ¶¶16, 21.

¶7 In October 2009, while his driver's license was suspended, Attorney Guenther was again stopped by the police and found to have a BAC of 0.213 g/ml. Attorney Guenther initially pled guilty to and was convicted of operating a motor vehicle with a prohibited alcohol concentration (PAC), as a second offense. Id., ¶¶23, 24. He failed to notify the OLR of this conviction. He subsequently was allowed to withdraw his guilty plea, which reinstated all of the charges against him. Despite the withdrawal of his plea, this court determined in Guenther III that his operation of a motor vehicle with a PAC constituted engaging in a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other

---

[2] The note contained the following message: "It's nice to see all the things that you and your little friend can afford while you pay no bills. That['s] all over for you. All you had to do was be my wife but you couldn't and you will now have [] to pay." Guenther III, 338 Wis. 2d 524, ¶12.

respects, in violation of SCR 20:8.4(b). Id., ¶¶37, 45. Since his ingestion of alcohol at the time of his October 2009 arrest had violated the absolute sobriety term of his bond, we also concluded that he had knowingly disobeyed an obligation under the rules of a tribunal, in violation of SCR 20:3.4(c). Id., ¶¶38, 45. Finally, by not notifying the OLR and the clerk of this court of his conviction (even though it was subsequently vacated and charges were reinstated), we determined that Attorney Guenther had violated SCR 21.15(5), which is enforceable via SCR 20:8.4(f). Id., ¶¶39, 45.

¶8 In the current disciplinary proceeding, Attorney Guenther's answer initially admitted many of the factual allegations of the OLR's complaint, but denied the legal claims that his actions had constituted professional misconduct. The OLR subsequently filed two motions for partial summary judgment, which together addressed all 18 counts alleged in the complaint. After the filing of each summary judgment motion, Attorney Guenther advised the referee that he either did not deny or was unable to contest the allegations in the motions. Accordingly, the referee found that there were no genuine issues of material fact and granted the OLR's summary judgment motions. The facts as found by the referee and the legal conclusions resulting from those facts are summarized in the following paragraphs.

¶9 Count Five of the present complaint relates to the PAC (second offense) charge against Attorney Guenther arising out of the traffic stop that occurred in October 2009. As was noted in Guenther III, after initially pleading guilty to the PAC charge,

6

Attorney Guenther was allowed to withdraw his guilty plea, and the conviction based on that plea was vacated in December 2010. The original charges were then reinstated. In August 2011, Attorney Guenther again pled guilty and was convicted of the PAC charge, as a second offense. As had been the case on the first conviction that had subsequently been vacated, Attorney Guenther again did not send a timely written notice of the conviction to the OLR and the clerk of this court. On October 21, 2011, more than two months after the conviction, the OLR received a letter from Attorney Guenther notifying them of the conviction, although the letter did not identify the jurisdiction in which the convictions had occurred. No such notification was sent to the clerk of this court.

¶10 The referee determined on Count Five that Attorney Guenther's failure to notify the OLR of the conviction and the jurisdiction in which it had occurred within the required five-

7

day period constituted a violation of SCR 21.15(5),[3] which is enforceable via SCR 20:8.4(f).[4]

¶11 Counts One through Four of the complaint relate to a subsequent drunken driving incident. On September 17, 2010, Attorney Guenther was stopped while he was driving by an officer of the Jackson Police Department, and his blood was tested for alcohol at a local hospital. The test revealed a BAC of 0.232 g/ml. At the time of the arrest, Attorney Guenther was subject to a bond condition that required him to maintain absolute sobriety and not to commit any new crimes.

¶12 Attorney Guenther ultimately pled guilty to and was convicted of one count of operating a motor vehicle with a PAC (third offense) and misdemeanor bail jumping. This occurred on the same date that his guilty plea and conviction were entered for the PAC (second offense). He again failed to notify the OLR

---

[3] SCR 21.15(5) states:

> An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[4] SCR 20:8.4(f) states that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

and the clerk of this court within the required five-day period. He finally notified the OLR of the conviction via the letter it received on October 21, 2010, although that letter failed to identify the jurisdiction in which the conviction had occurred.

¶13 The referee determined that these facts supported conclusions of misconduct on four counts of the OLR's complaint. First, the referee concluded that Attorney Guenther's conviction for operation of a motor vehicle with a PAC, as a repeat offender, violated SCR 20:8.4(b).[5] Second, his consumption of alcohol and commission of a crime, contrary to the terms of his bond, constituted a violation of SCR 20:8.4(b). Third, his disobedience of the court's order in his bond not to consume alcohol or commit any new crimes also constituted a violation of SCR 20:3.4(c).[6] Fourth, his failure to provide timely notice of his conviction and his failure to provide all of the required information when he finally did notify the OLR constituted a violation of SCR 21.15(5), enforceable via SCR 20:8.4(f).

¶14 After the OLR received notification of the convictions, it sent a letter to Attorney Guenther on November 17, 2011, notifying him that it was investigating the

---

[5] SCR 20:8.4(b) states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[6] SCR 20:3.4(c) states that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

convictions and their underlying facts, and asking him to provide a written response by December 12, 2011. Attorney Guenther did not respond. The OLR sent another letter in January 2012, but Attorney Guenther again did not respond. On Count Six of the complaint, the referee determined that Attorney Guenther's failure to respond to the OLR's requests for information as part of its investigation constituted a violation of SCR 22.03(2)[7] and SCR 20:8.4(h).[8]

¶15 The remaining counts in the present complaint (Counts Seven through Eighteen) all relate to Attorney Guenther's contacts with his now ex-wife, R.G., and the resulting court proceedings. In March 2009 the Fond du Lac County circuit court issued an injunction prohibiting Attorney Guenther from

---

[7] SCR 22.03(2) states:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[8] SCR 20:8.4(h) states that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

"contacting or causing any person other than a party's attorney or law enforcement officer" to contact R.G., unless she had previously consented in writing. The injunction specified that "contacting" included communicating in writing. The injunction stated that it would remain in effect until March 2013.

¶16 Attorney Guenther petitioned for divorce from R.G. in April 2009, and a judgment of divorce was issued in November 2009. Throughout the divorce proceedings, R.G. was represented by counsel. Attorney Guenther represented himself.

¶17 On October 1, 2010, Attorney Guenther mailed legal documents related to the divorce directly to R.G., as well as to the Winnebago County circuit court. The cover letter accompanying the documents contained the following explanation as to why Attorney Guenther was mailing the documents directly to R.G.: "I am unable to have [R.G.] served at her place of employment as they will not allow it and her former lawyer told me that he was no longer willing to accept anything on her behalf, therefore I am forced to attempt service in this fashion." R.G. had not consented to receiving documents in the mail directly from Attorney Guenther. In addition, her divorce lawyer had not told Attorney Guenther that he would no longer accept documents on her behalf.

¶18 On October 4, 2010, Attorney Guenther mailed additional legal documents directly to R.G. She had not consented to receiving those documents from Attorney Guenther.

¶19 The state filed two criminal complaints against Attorney Guenther. State v. Guenther, Winnebago County Case No.

11

2010CM1666 (for the October 1, 2010 mailing); State v. Guenther, Winnebago County Case No. 2010CM1667 (for the October 4, 2010 mailing). Each complaint charged a single count of knowingly violating a domestic abuse order, contrary to Wis. Stat. § 813.12(8), as an act of domestic abuse. On June 2, 2011, Attorney Guenther appeared by telephone at a joint motion hearing. In response to the prosecutor's statement that he did not think Attorney Guenther had received permission to appear by telephone, Attorney Guenther told the court that he had requested at a prior hearing to appear by telephone and that he was appearing by telephone with the permission of the court. The court had not granted any such permission to appear by telephone. The court found that Attorney Guenther had failed to appear in person for the hearing and had made a misrepresentation to the court. It therefore found him in contempt and ordered him to pay $100 as a contempt sanction within seven days. It further informed him that he did not have permission to appear by telephone and directed him to be present at the next proceeding, which was a status conference scheduled for July 11, 2011.

¶20 When Attorney Guenther did not pay the $100 sanction within the required seven-day period, the court held a show cause hearing on June 30, 2011. Attorney Guenther did not appear at that hearing. He also did not appear at the status conference, which had been rescheduled for July 13, 2011.

¶21 The OLR sent letters to Attorney Guenther in July and August 2011 directing him to file responses to the grievances it

12

had received. Attorney Guenther did not respond. After the OLR learned that Attorney Guenther had been incarcerated in the Washington County Jail, it sent another letter to him at that location, again asking for a response. Attorney Guenther still did not respond.

¶22 In January 2012 Attorney Guenther pled no contest and guilty in the two pending Winnebago County cases to reduced misdemeanor charges of disorderly conduct, with a domestic abuse surcharge. He did not timely report his convictions in these two cases to the OLR or the clerk of this court.

¶23 The referee concluded that these facts properly supported legal conclusions that Attorney Guenther had engaged in 12 counts of professional misconduct. With respect to Counts Seven and Eight, the referee determined that Attorney Guenther's written contact with R.G. on October 1, 2010 (Count Seven), and on October 4, 2010 (Count Eight), without her consent and in violation of the terms of a domestic abuse injunction, had violated SCR 20:8.4(b). The referee further found on Count Nine that Attorney Guenther had engaged in misrepresentation when he had falsely stated to the circuit court that R.G.'s allegedly former lawyer had said he was unwilling to accept legal papers on R.G.'s behalf and that Attorney Guenther had been forced to mail legal documents directly to R.G., in violation of

13

SCR 20:3.3(a)(1)[9] and SCR 20:8.4(c).[10] On Count Ten, the referee found that Attorney Guenther's knowingly false representation to the circuit court at the June 2, 2011 motion hearing that it had previously granted permission to him to appear by telephone violated SCR 20:3.3(a)(1) and SCR 20:8.4(c). The referee found on Count Eleven that Attorney Guenther's action in contempt of court at the June 2, 2011 hearing had violated his attorney's oath, as set forth in SCR 40:15,[11] and SCR 20:8.4(g).[12] The

---

[9] SCR 20:3.3(a)(1) states that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

[10] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[11] Attorney Guenther's failure to appear demonstrated a lack of respect for the court and his false statements about having received prior permission to appear by telephone constituted an attempt to mislead the judge. SCR 40:15 (Attorney's oath) states, in pertinent part:

> The oath or affirmation to be taken to qualify for admission to the practice of law shall be in substantially the following form:
>
> . . . .
>
> I will maintain the respect due to courts of justice and judicial officers;
>
> . . . .
>
> I will employ, for the purpose of maintaining the causes confided to me, such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law; . . . .

14

referee further determined that Attorney Guenther's mailing of legal documents directly to R.G. on October 1, 2010 (Count Twelve) and on October 4, 2010 (Count Thirteen), contrary to the circuit court's "no contact" provision in the domestic abuse injunction, had violated SCR 20:3.4(c). Attorney Guenther's failure to pay the $100 contempt sanction (Count Fourteen), his failure to appear at the June 30, 2011 hearing to explain his failure to appear (Count Fifteen), and his failure to appear at the July 13, 2011 status conference (Count Sixteen) also constituted violations of SCR 20:3.4(c). The referee further concluded on Count Seventeen that Attorney Guenther's failure to give timely notice of his convictions in the two Winnebago County criminal cases had violated SCR 21.15(5), enforceable via SCR 20:8.4(f). Finally, with respect to Count Eighteen, the referee determined that Attorney Guenther's failure to answer the OLR's repeated requests for a written response to its grievance investigation had violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶24 The referee directed the parties to submit briefs regarding the appropriate sanction to be imposed in this matter. The OLR submitted a sanction brief, asking the referee to recommend a six-month suspension. In addition to noting a number of aggravating factors, including a lengthy disciplinary history, multiple offenses, a pattern of misconduct, substantial

---

[12] SCR 20:8.4(g) states that it is professional misconduct for a lawyer to "violate the attorney's oath."

practice experience, and an intentional failure to cooperate with a disciplinary agency's investigations, the OLR relied on this court's imposition of a six-month suspension for multiple instances of criminal conduct and for failure to cooperate with disciplinary investigations. See In re Disciplinary Proceedings Against Soldon, 2010 WI 27, 324 Wis. 2d 4, 782 N.W.2d 81. It also pointed to our decision in Guenther III, where we imposed a 90-day suspension for a series of criminal acts, failure to provide timely notice of his convictions, and failure to cooperate with grievance investigations. Attorney Guenther did not file any sanction brief.

¶25 Although the referee agreed with much of the OLR's sanction analysis, she concluded that this court's practice of imposing progressive discipline required a longer suspension than the OLR sought. She believed that Attorney Guenther's criminal acts of driving with a PAC were more serious than Attorney Soldon's series of retail thefts. Given Attorney Guenther's lengthy disciplinary history, the referee recommended that his repeated disobedience of court orders, including absolute sobriety and no-contact orders, and his false statements to a court warranted a suspension of one year. She further recommended that Attorney Guenther should be required to pay the full costs of this disciplinary proceeding.

¶26 Our review of the referee's findings of fact, conclusions of law, and sanction recommendation follows long-established standards. Specifically, we affirm a referee's findings of fact unless they are found to be clearly erroneous,

16

but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶27 As noted above, Attorney Guenther has not appealed from the referee's report and recommendation. After conducting our own review of the record, we do not find that any of the substantive factual findings of the referee are clearly erroneous, and we adopt them. We further agree that those facts provide clear, satisfactory, and convincing evidence that Attorney Guenther committed the professional misconduct alleged in the 18 counts of the OLR's complaint.

¶28 Turning to the appropriate level of discipline, we agree with the referee that the seriousness of Attorney Guenther's misconduct and our practice of imposing progressively stronger sanctions require a one-year suspension of Attorney Guenther's license to practice law in this state. Unlike the disciplinary proceeding involving Attorney Soldon, this is the fifth time that Attorney Guenther has committed misconduct serious enough to warrant a suspension. He was already disciplined for very similar misconduct in Guenther III. Specifically, although he had been disciplined in that proceeding for criminal convictions that arose out of improper actions toward his then-wife, he subsequently chose to violate a

17

domestic abuse injunction by sending legal documents to her directly. Further, although he had been disciplined in Guenther III for his second offense of operating a motor vehicle with a PAC, he engaged in the conduct again, leading to a third PAC conviction. This repetition of misconduct makes the violations in this matter more troubling and worthy of a lengthier suspension, which hopefully will impress upon him the seriousness of his misconduct and the need to conform his conduct to both the criminal laws of this state and the Rules of Professional Conduct for Attorneys.

¶29 We do not include any restitution award in our order. There are no monetary losses that arose from the misconduct at issue in this proceeding.

¶30 Finally, we conclude that Attorney Guenther should pay the full costs of this disciplinary proceeding. Our general practice is to impose full costs on attorneys who are found to have committed misconduct. See SCR 22.24(1m). Attorney Guenther has not claimed that there are reasons to depart from that practice in this matter, and we have not found any reason to do so.

¶31 IT IS ORDERED that the license of Arik J. Guenther to practice law in Wisconsin is suspended for a period of one year, effective the date of this order.

¶32 IT IS FURTHER ORDERED that within 60 days of the date of this order, Arik J. Guenther shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶33 IT IS FURTHER ORDERED that Arik J. Guenther shall continue compliance with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶34 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).